**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALAM MAKLAD,<br>Petitioner,<br>v.<br>RON MURRAY, et al.,<br>Respondents. | Case No. 1:25-cv-00946-JLT-SAB (HC)<br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 1) |

On August 2, 2025, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order. (Docs. 1, 2.) On August 5, 2025, Respondents filed an opposition to the issuance of a preliminary injunction. (Doc. 9.) On August 8, 2025, the Court converted the TRO into a preliminary injunction, granted the preliminary injunction, and ordered Respondents to immediately release Petitioner from custody. (Doc. 13 at 16.) Petitioner was released from ICE custody on August 8, 2025. (Doc. 25 at 16.) The Court also permanently enjoined and restrained Respondents from arresting or re-detaining Petitioner absent compliance with constitutional protections. (Doc. 13 at 16.) On August 14, 2026, Court set a briefing schedule for the merits of the habeas petition. (Doc. 14.)

On January 9, 2026, Petitioner filed her first amended petition for habeas corpus. (Docs. 24, 25.) On March 12, 2026, Respondents filed an opposition and submitted on the substance of their earlier opposition. (Doc. 26.) On March 31, 2026, Petitioner filed a reply. (Doc. 27.) On

April 16, 2026, Petitioner filed a motion seeking clarifications on the scope of this Court's preliminary injunction order, contending that it should be interpreted to prohibit Respondents from imposing additional restrictions or conditions on her beyond what existed before her arrest in July 2025. (Doc. 28.) The Court clarified that the *status quo* in this case is "the status before Ms. Maklad was arrested and was still on parole" (Doc. 34 at 2) but declined to interpret the preliminary injunction to prohibit Respondents from imposing the conditions at issue. (*Id*. at 5.)

Thus, pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) and for the reasons set forth in the Court's order granting the preliminary injunction,[1] (Doc. 13), the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _August 17, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[1] In her amended petition, Petitioner advances an unlawful arrest claim under the Fourth Amendment and a claim asserting a violation of her right to petition for redress under the Fifth Amendment. (Doc. 24 at 21-22.) Given that Petitioner's due process claims based on her re-detention without a bond hearing serve as the basis for relief, the Court declines to address Petitioner's additional claims.